United States District Court
Southern District of Texas
**ENTERED**
March 31, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| GERARDO ARIAS, | § | CIVIL ACTION NO. |
| Plaintiff, | § | 4:20-cv-01450 |
| | § | |
| | § | |
| vs. | § | JUDGE CHARLES ESKRIDGE |
| | § | |
| | § | |
| ZACHRY LLC, *et al*, | § | |
| Defendants. | § | |

**MEMORANDUM AND OPINION
GRANTING MOTION TO REMAND**

The motion by Plaintiff Gerardo Arias to remand this action to Texas state court is granted. Dkt 20.

1. Background

Arias sustained personal injuries while working at a chemical plant in Freeport, Texas owned by Defendant Olin Corporation. He alleges that a pipeline unintentionally pressurized and exploded, throwing him from the scaffolding on which he was working and causing him serious injuries.

Arias initially filed suit in April 2019 in Texas state court against Olin, Defendant Zachry LLC, and Zachry Industrial, Inc, asserting claims for negligence and gross negligence. Arias alleged that Zachry LLC and Zachry Industrial designed the safety policies at the plant.

Arias is a Texas citizen and the Zachry entities are Texas corporations. Olin is a Virginia corporation with its principal place of business in Missouri. It removed the action to federal court, asserting that the Zachry entities were improperly joined. Arias sought remand, while requesting voluntary dismissal without prejudice in the alternative. Such dismissal was entered. A condition of dismissal was that any later-filed lawsuit would upon removal be designated as related to the initial action and

transferred to this Court. See generally *Arias v Zachry LLC*, No 19-cv-01635, Dkt 43.

Arias then filed this lawsuit in Texas state court. Dkt 1-3. He again named Olin and Zachry LLC, while also adding Defendants JV Industrial Companies Ltd, BrandSafway, LLC, BrandSafway Services, LLC, BrandSafway Industries, LLC, and BrandSafway Solutions, LLC. And he again alleges that Zachry LLC was responsible for design of safety policies at the plant. He also alleges that JV Industrial is an affiliate of Zachry LLC that was primarily responsible for work direction and supervision at the Olin plant. And he alleges that the BrandSafway entities defectively constructed the scaffolding from which he fell.

Olin removed, again asserting improper joinder of Zachry LLC. Dkt 1 at ¶ 4. Arias later voluntarily dismissed both Olin and JV Industrial. See Dkts 18, 24. That leaves Zachry LLC and the BrandSafway entities. The latter are incorporated in Delaware and Georgia. But with Zachry LLC remaining as a Texas corporation, Arias again moved to remand. Dkt 20.

2. Legal standard

Diversity jurisdiction under 28 USC § 1332 requires complete diversity. *Strawbridge v Curtiss*, 7 US 267 (1806). Improper joinder occurs when a plaintiff seeks to defeat diversity jurisdiction in the federal courts by joining a party who isn't a proper defendant. See generally Charles Alan Wright and Arthur R. Miller, *Federal Practice and Procedure* § 3723.1 (West 4th ed 2010). Where found, the improperly joined party must be dismissed without prejudice—and the case remains in federal court. *International Energy Ventures Management, LLC v United Energy Group, Ltd*, 818 F3d 193, 209 (5th Cir 2016).

A defendant can demonstrate improper joinder in one of two ways. See *Smallwood v Illinois Central Railroad Co*, 385 F3d 568, 573 (5th Cir 2004, *en banc*). One is to show that the plaintiff committed "actual fraud" when alleging the jurisdictional facts. *Actual fraud* in this regard requires the movant to show that the plaintiff has concealed or knowingly made false representations regarding a party's citizenship or the amount in controversy. For example, see *Cantor v Wachovia Mortgage, FSB*, 641 F Supp 2d 602,

2

607 (ND Tex 2009), citing *Black's Law Dictionary* (West 8th ed 2004). That isn't at issue here.

The other is to conclusively prove the plaintiff's inability "to establish a cause of action against the non-diverse party in state court." *Smallwood*, 385 F3d at 573. This means that the movant must show "that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." Ibid. The question, in essence, is whether the claims against the subject defendant could survive a motion to dismiss under Rule 12(b)(6).

The federal pleading standard thus pertains to analysis in this regard. See *International Energy Ventures*, 818 F3d at 204. Motion practice under Rule 12(b)(6) requires the district court to "focus on the complaint." *Mumfrey v CVS Pharmacy, Inc*, 719 F3d 392, 401 (5th Cir 2013). But where it appears "a complaint states a claim that satisfies 12(b)(6), but has misstated or omitted discrete facts that would determine the propriety of joinder," courts have discretion to "pierce the pleadings and conduct a summary inquiry." *Smallwood*, 385 F3d at 573. To be sure, this isn't license to undertake a wide-ranging review. District courts may look beyond the pleadings only in circumstances where they can "identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant." Id at 573–74. This is so because summary inquiry "carries a heavy risk" of entering into the merits of the dispute instead of conducting a "simple and quick" check on jurisdiction. Id at 574.

As such, the facts on inquiry must be both simple to prove and sufficient to fully resolve the question of potential liability of the subject defendant. Id at 574 n 12, citing *Travis v Irby*, 326 F3d 644, 648–49 (5th Cir 2003). By contrast, summary inquiry isn't appropriate where the subject facts are disputed, where their proof is complicated, or where they wouldn't decisively resolve the potential for liability. See *Cumpian v Alcoa World Alumina, LLC*, 910 F3d 216, 220–21 (5th Cir 2018).

Limited discovery may at times be appropriate in relation to summary inquiry. But it "should not be allowed except on a tight judicial tether, sharply tailored to the question at hand, and only after a showing of its necessity." *Smallwood*, 385 F3d at 574. This

3

means that narrow and targeted discovery is permissible where the district court is confident that it will uncover a simple answer to a binary, dispositive question. See *Guillory v PPG Industries, Inc*, 434 F3d 303, 310–12 (5th Cir 2005). But where the issue of improper joinder presents factual issues that are complicated or unclear, the action should be remanded. See *Davidson v Georgia-Pacific, LLC*, 819 F3d 758, 767–68 (5th Cir 2016), citing *McKee v Kansas City Southern Railway Co*, 358 F3d 329, 334 (5th Cir 2004).

A heavy burden rests upon the party asserting improper joinder to prove it. *McDonal v Abbott Laboratories*, 408 F3d 177, 183, quoting *Griggs v State Farm Lloyds*, 181 F3d 694, 701 (5th Cir 1999); see also *Cuevas v BAC Home Loans Servicing, LP*, 648 F3d 242, 249 (5th Cir 2011). Any "contested factual issues and ambiguities of state law" must be resolved in favor of remand. *Allen v Wal-Mart Stores, LLC*, 907 F3d 170, 184 (5th Cir 2018), quoting *Gasch v Hartford Accident & Indemnity Co*, 491 F3d 278, 281 (5th Cir 2007), in turn citing *Guillory*, 434 F3d at 308; see also *African Methodist Episcopal Church v Lucien*, 756 F3d 788, 793 (5th Cir 2014).

### 3. Analysis

The parties agree that Zachry LLC is the corporate parent of JV Industrial, and further, that JV Industrial and Olin entered into a master-services agreement by which JV Industrial would manage projects at Olin's plant. Dkt 20 at 2. They agree about little beyond that.

Arias argues that Zachry LLC makes hiring decisions for all of its subsidiaries (including JV Industrial) and designs safety policies and directs its subsidiaries to implement them. Dkt 20 at 2, 8; Dkt 27 at 3–5. According to Arias, Zachry LLC designed the inadequate safety policies that allowed the pipeline explosion to occur under the supervision of and implementation by JV Industrial. Dkt 1-3 at 3.

To the contrary, Zachry LLC and the BrandSafway entities argue that Zachry LLC is just a holding company, incapable of designing or implementing anything. See Dkt 25 at 5, 8; Dkt 26 at 6–7. They urge a summary inquiry into the precise corporate identity and operations of Zachry LLC, offering an affidavit by David Schwab, Zachry LLC Senior Vice President. Dkt 25-1.

4

He flatly avers that Zachry LLC is a holding company with no employees, no customers, and no service contracts. He says that Zachry LLC, Zachry Industrial, and JV Industrial are separate entities, but that they and "their respective affiliates are branded as part of the 'Zachry Group' and utilize the trademarked green 'ZACHRY' letterhead." Id at 2. Schwab further avers that Zachry LLC had no service contract with Olin, didn't employ Arias, and didn't ever have "the ability to direct, control, or oversee" his work. Ibid.

Arias submits evidence to the contrary from public records, including registered corporate entities from the Texas Secretary of State's website. These show that Zachry LLC operates in part under the fictitious name of Zachry Group, LLC. Dkt 27-3 at 2. Arias also points to a website denominated only as "Zachry Group," with no apparent specification of either Zachry Group LLC or Zachry LLC, but with description of various operations and subsidiaries of "Zachry Group." See Dkt 27-4. And that website is replete with references solely to the indistinct entity of "Zachry," including a page devoted to "Zachry's commitment to safety." Id at 6; see also id at 2, 8, 13. Arias suggests by this that Zachry LLC is itself operating within and atop, and certainly as part of, Zachry Group, contradicting assertion that it is exclusively a holding company. He also seeks further discovery in this regard, arguing that it would be unfair to resolve the improper joinder question on the sole basis of what he characterizes as a self-serving affidavit. Dkt 27 at 7–11.

The Brandsafway entities surreply, "While the Secretary of State documents attached by Plaintiff tend to show that Zachry, LLC operates under the fictitious name 'Zachry Group, LLC,' the conclusion cannot be drawn from this that all activity of the 'Zachry Group' is performed by Zachry, LLC." Dkt 40 at 4–5. And Zachry LLC offers a supplemental affidavit by Schwab, who now admits that Zachry LLC "has officers and managers responsible for the governance of the company" (although continuing to maintain that it "has no employees"), while further attesting that "Zachry Group" is only a brand name and that Zachry Group LLC is a "non-operational legal entity that exists to preserve the 'Zachry Group' brand name." Dkt 42-1 at 3.

5

Those are both exceedingly weak counters, with the former actually implying that at least *some* activity of the Zachry Group is performed by Zachry LLC. But more important to present purposes, they serve to flag that a genuine factual dispute exists which will require genuine discovery to unpack. This necessarily makes it inappropriate to resolution on the limited inquiry permissible here.

The Fifth Circuit in *Smallwood* identified certain "prototypical cases" that are appropriate to summary inquiry. For instance, two such examples are whether an in-state doctor did in fact treat, or an in-state pharmacist did in fact fill a prescription for, the in-state plaintiff as patient. 385 F3d at 574 n 12, citing *Travis*, 326 F3d at 648–49. Those are the types of narrow inquiry on a binary factual point that necessarily resolve whether the plaintiff can "establish a cause of action against the non-diverse party in state court." *Smallwood*, 385 F3d at 573, quoting *Travis*, 326 F3d at 647.

What Defendants put at issue here isn't that. The Zachry entities and group of companies may of course arrange their businesses in any way that they see fit, as allowed by law. But those arrangements aren't transparent and require explanation. Indeed, the Brandsafway entities acknowledge that the evidence establishes that there are "dozens of entities with the name 'Zachry' and with the same address as Zachry, LLC." Dkt 40 at 5 (citing Texas Secretary of State website). Whether the apex company of that interlocking group dictates policy or has otherwise taken action potentially leading to tort liability is a very different question than whether a doctor did or didn't actually see and treat a patient. Arias is entitled to get to the bottom of the issue and determine the precise nature and role of Zachry LLC within this corporate structure. And that isn't readily apparent—due mainly to the way the Zachry entities have chosen to array and present themselves.

This situation is more akin to *Cumpian v Alcoa World Alumina, LLC*, where the Fifth Circuit found summary inquiry inappropriate. 910 F3d 216 (5th Cir 2018). Plaintiff there sustained severe burns while working at a chemical plant and sued his employer and several of its contractors for negligence.

Defendants argued that an in-state contractor was improperly joined upon submission of evidence that the employer had a policy prohibiting contractors from performing the type of work that caused the at-issue injuries. Id at 218–19. The Fifth Circuit concluded that the district court erred in conducting a summary inquiry, reasoning that even if that assertion about the employer's policy was true, it would only cut against plaintiff's negligence claim—not disprove it altogether. Id at 220–21.

Summary inquiry is inappropriate here for much the same reason. The factual dispute as to the business activities of Zachry LLC and its place within the overall Zachry organization isn't by its nature a narrow one. And it isn't a matter of alter-ego analysis, as asserted by Zachry LLC. Dkt 26 at 5–6; see also Dkt 25 at 6–7. Arias directly asserts that Zachry LLC "implements all the hiring for its portfolio of companies" and "implements and improves the safety practices and policies that guide its companies." Dkt 1-3 at 2. And he isn't required to accept at face value assertions like those made by Schwab in his affidavit. Dkt 25-1. Rather, he would plainly be entitled to the production of a number of document categories in addition to depositions to test the veracity of the affidavit. This is so because corporate capacity and attributable action can be a nuanced inquiry. For example, see *Meyer v Holley*, 537 US 280, 285 (2003); *Burlington Industries, Inc v Ellerth*, 524 US 742, 756 (1998); see also James D. Cox and Thomas Lee Hazen, *Treatise on the Law of Corporations* §§ 7.13, 7.17, 8.18 (West 3d ed 2010); Restatement (Second) of Agency § 219 (ALI 1958).

*Smallwood* permits limited factual inquiry only where discrete sources can yield direct, undisputed, dispositive answers as to the potential for liability of an in-state defendant. Such inquiry isn't appropriate here. And without it, Defendants can't meet their heavy burden to prove improper joinder.

The claim as pleaded by Arias against Zachry LLC thus remains. All parties acknowledge that its presence in this action destroys diversity. The case must be remanded.

4. Conclusion

The motion to remand by Plaintiff Gerardo Arias is GRANTED. Dkt 20.

7

This case is REMANDED to the 55th Judicial District Court of Harris County, Texas.

The Clerk of Court is DIRECTED to provide a copy of this Opinion to the District Clerk for Harris County, Texas.

Two motions for summary judgment remain pending for resolution by the state court on remand, if it determines in its discretion to address them. See Dkts 3, 30.

SO ORDERED.

Signed on March 31, 2021, at Houston, Texas.

Hon. Charles Eskridge
United States District Judge